[937 NYS2d 867]

In the Matter of CHARLOTTE T. WATSON (Admitted as CHARLOTTE TERESA WATSON), a Suspended Attorney, Resignor.

Second Department, February 7, 2012

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for the Grievance Committee for the Ninth Judicial District.

*Richard E. Grayson*, White Plains, for resignor.

**OPINION OF THE COURT**

Per Curiam.

Charlotte T. Watson has submitted an affidavit dated September 9, 2011, wherein she tenders her resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Ms. Watson was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 13, 2002, under the name Charlotte Teresa Watson.

Ms. Watson is the subject of pending charges of professional misconduct, including, inter alia, conduct involving dishonesty, deceit, fraud and misrepresentation, conversion of escrow funds, conduct prejudicial to the administration of justice, neglect, failing to seek the lawful objectives of a client, failing to carry out a contract of employment, misappropriation, failure to safeguard funds entrusted to her as a fiduciary and to promptly pay same to the parties entitled to receive them, and other conduct that reflects adversely on her fitness to practice law. She acknowledges that she would not be able to successfully defend herself on the merits against the charges.

Ms. Watson further acknowledges that her resignation is freely and voluntarily tendered, that she is not being subjected to coercion or duress by anyone, and that she is fully aware of the implications of submitting her resignation.

Additionally, Ms. Watson avers that her resignation is submitted subject to any application which could be made by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) for an order directing that she make restitution and that she reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). She further acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against her pursuant to Judiciary Law § 90 (6-a) (d) and she waives the opportunity to be heard in opposition thereto.

The Grievance Committee recommends that the Court accept Ms. Watson's resignation and that her name be stricken from the roll of attorneys and counselors-at-law.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Ms. Watson is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the resignation of Charlotte T. Watson, admitted as Charlotte Teresa Watson, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charlotte T. Watson, admitted as Charlotte Teresa Watson, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Charlotte T. Watson, admitted as Charlotte Teresa Watson, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charlotte T. Watson, admitted as Charlotte Teresa Watson, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Charlotte T. Watson, admitted as Charlotte Teresa Watson, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).